United States District Court
Southern District of Texas

**ENTERED**

July 14, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Jose Raul Robert Quintero, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-2552 |
| | § | |
| Markwayne Mullin,[1] *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Jose Raul Robert Quintero is a native and citizen of Cuba who concedes that he unlawfully entered the United States in 2022. Docs. 1 ¶ 11, 7-1 at 1, 8 at 2. On February 18, 2026, he was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b), and he remains in the custody of Respondent, Warden of the Joe Corley Processing Center in Conroe, Texas. Doc. 1 ¶¶ 13, 16. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates (i) the Immigration and Nationality Act and its implementing regulations; (ii) substantive due process; (iii) procedural due process; (iv) the Administrative Procedure

---

[1] The Petition names Pamela Bondi in her official capacity as United States Attorney General and Gabriel Martinez in his official capacity as Acting Field Office Director for United States Immigration and Customs Enforcement's Enforcement and Removal Operations for the Houston area. Doc. 1 ¶¶ 29, 31. Todd Blanche is automatically substituted as a Respondent in this action in his official capacity as United States Acting Attorney General, and Patrick Contreras is automatically substituted as a Respondent in this action in his official capacity as Field Office Director for United States Immigration and Customs Enforcement's Enforcement and Removal Operations for the Houston area. Fed. R. Civ. P. 25(d). The Clerk of Court is DIRECTED to terminate Pamela Bondi and Gabriel Martinez and substitute Todd Blanche and Patrick Contreras on the docket sheet.

Act; (v) equal protection; (vi) the Suspension Clause; and (vii) the *Accardi* Doctrine.

Now before the Court is Respondents' Motion for Summary Judgment, Doc. 7, to which Petitioner has responded in opposition, Doc. 8. Respondents maintain that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention during his removal proceedings. *See* Doc. 7; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).

As such, Respondents' Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk is instructed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 14th of July, 2026.

                                                   _____

Nicholas J. Ganjei
United States District Judge